**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VALLEY CHILDREN'S HOSPITAL,<br>Plaintiff,<br>v.<br>CALIFORNIA FIELD IRONWORKERS TRUST FUND, et al.,<br>Defendants. | Case No. 1:24-cv-00819 JLT EGC<br>ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS AS MOOT<br>(Docs. 12, 20) |

Valley Children's Hospital, the plaintiff in this action, moves to remand the case to the state court where it was originally filed. (Doc. 12.) The California Field Ironworkers Trust Fund, a welfare benefit plan and trust governed by the Employee Retirement Income Security Act (ERISA), which is the defendant in this action, opposes its motion. The fund also moves to dismiss the case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 20.) The motion to remand is **GRANTED.** As detailed below, the hospital's state law claim against the fund is not completely preempted, so this court lacks removal jurisdiction.

**BACKGROUND**

The Court must generally confine itself for now to the complaint, the statutes in dispute, and the ERISA plan documents, if they are relevant. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 211 (2004). The hospital alleges in its complaint that it provided medical services, supplies,

and equipment to a patient it identifies by the initials "B.P." (Doc. 11 at 3.) B.P. was enrolled as a beneficiary in an Ironworkers plan. (*Id.*) The fund "authorized and requested" that the hospital provide care to B.P., and it accepted "interim billing statements" from the hospital. (*Id.* at 3–4.) The hospital alleges that it came to an agreement with the fund over the course of B.P.'s multi-month treatment: the fund would pay the hospital's "usual and customary billed charges" after subtracting a "specified discount" and would transfer the funds "within 30 to 45 business days" after the hospital submitted its bill. (*Id.* at 4.) The bill eventually grew to be relatively sizeable—more than $1.2 million in total. (*See id.* at 4.) In the end, the fund paid a "principal sum" of about $670,000, but only after a delay of a few months. (*See id.* at 4–5.) The fund has refused to pay any interest. (*See id.* at 5.)

Based on the above allegations, the hospital asserts a single claim for breach of implied contract under California law. (*See id.* at 5–6.) It seeks interest on the $670,000 principal sum, accruing at a 10% statutory rate, in addition to "costs of suit" and any other relief "the Court deems just and proper." (*See id.* at 6 (citing Cal. Civ. Code § 3289).)

The hospital originally filed this lawsuit in state court. (*See* Doc. 1 at 9.) The fund removed the case to this Court based on its allegation that the hospital's claim, despite its label, is actually a federal claim over which this court has removal jurisdiction under a theory of statutory preemption. (*See id.* at 4–5.) The hospital moves to remand the case to state court. (Doc. 12.) It argues the claim is truly a state law claim and is not preempted. The fund moves for its part to dismiss for failure to state a claim under Rule 12(b)(6). (Docs. 20, 20-1.) The Court begins with the motion to remand, given its jurisdictional ramifications.

**REMAND**

Federal courts cannot exercise their jurisdiction without "constitutional and statutory authorization." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018). There is no reason to doubt that this Court would have subject matter jurisdiction over this case as a matter of federal constitutional law. The real jurisdictional dispute is statutory, i.e., whether this Court would have had original jurisdiction over this case and has removal jurisdiction now. *See* 28 U.S.C. § 1441(a); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004).

"One category of cases of which district courts have original jurisdiction is 'federal question' cases: cases 'arising under the Constitution, laws, or treaties of the United States.'" *Davila*, 542 U.S. at 207 (alteration omitted) (quoting 28 U.S.C. § 1331). "Ordinarily, determining whether a particular case arises under federal law turns on the 'well-pleaded complaint' rule. *Id.* at 207 (quoting *Franchise Tax Bd. of Cal. v. Constr. Lab. Vacation Tr. for S. Cal.*, 463 U.S. 1, 9–10 (1983). Under that rule, a district court determines whether the case arises "under the Constitution or a law or treaty of the United States" by consulting only "the plaintiff's statement of his own claim in the bill or declaration," i.e., in his complaint, "unaided by anything alleged in anticipation of avoidance of defenses which it is thought that the defendant may interpose." *Id.* (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914)).

There is an exception to this rule. "When a federal statute wholly displaces the state-law cause of action through complete pre-emption,' the state claim can be removed." *Id.* (alteration omitted) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)). "This is so because '[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.'" *Id.* at 207–08 (alteration in original) (quoting *Beneficial Nat'l Bank*, 539 U.S. at 8.) In other words, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." *Hansen*, 902 F.3d at 1057 (quoting *Riven v. Regions Bank of La.*, 522 U.S. 470, 475 (1998)).

The Ironworkers Fund relies in this case on such a theory of "complete preemption," (*see* Doc. 19 at 6), and ERISA is in fact an example of a federal statute that completely preempts some state law causes of action, *Davila*, 542 U.S. at 208. It "includes expansive pre-emption provisions, which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" *Id.* (citing 29 U.S.C. § 1144 and quoting *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 523 (1981)). "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.* at 209. "Hence, 'causes of action within the scope of the civil enforcement provisions of § 502(a)

are removable to federal court.'" *Id.* (alteration omitted) (quoting *Metropolitan Life Ins. Co. v. Taylor*, 482 U.S. 58, 65–66 (1987)).

Courts in the Ninth Circuit follow a two-part test in cases like this one. *See Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009). By that test, "a state-law cause of action is completely preempted if (1) 'an individual, at some point in time, could have brought the claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" *Id.* at 946 (quoting *Davila*, 542 U.S. at 210) (other alterations omitted); *see also Hansen*, 902 F.3d at 1059. This is a "conjunctive" test. *Marin Gen.*, 581 F.3d at 947. Both conditions must be satisfied. *See id.* For that reason, if the defendant's actions implicate an independent legal duty (part two), then it is not necessary to decide if a person could have brought the state law claim under ERISA (part one). *See Hansen*, 902 F.3d at 1059. That is the situation here.

The hospital alleges that the fund had a duty to pay interest under California contract law, not ERISA. The hospital is correct to contend that California contract law can create duties that are independent of those that might arise under ERISA. In *Marin General*, for example, a very similar case, the plaintiff hospital alleged that it had reached an agreement with an ERISA plan. *See* 581 F.3d at 943–44. Irrespective of the plan's obligations under ERISA, it had allegedly agreed to pay "90% of the total charges" incurred in connection with a plan member's surgery. *Id.* The plan denied that it had struck such a deal, and when the hospital sued for breach of contract (among other state law claims), the plan removed its case to a federal district court, arguing that those state law claims were preempted. *See id.* at 944. The Circuit disagreed. The hospital's claims did not "rely on," and were "independent of, any duty under an ERISA plan." 581 F.3d at 949. The hospital was not pursuing benefits or hoping to prove that the plan had fallen short of what ERISA or the plan documents required. Its theory was that the defendant had "entered into an independent oral contract" and had an obligation that "would exist whether or not an ERISA plan existed." *Id.* at 950. It was "not enough" for the defendant to argue that the hospital's state law claims "relate[d] to" the plan, nor that ERISA provided "a similar remedy" to the one the plaintiff sought under state law. *Id.*

The hospital's allegations here cannot be distinguished from the allegations in *Marine General* in a meaningful way. The fund does not attempt to distinguish them. It contends instead that this Court must follow a different preemption rule, citing a different case. (*See* Doc. 19 at 8–9. The case it cites, *Bristol SL Holdings, Inc. v. Cigna Health & Life Insurance Co.*, 103 F.4th 597 (9th Cir. 2024), concerned the federal preemption of a state law claim, but it was not about the preemption rules that can justify removal under an exception to the well-pleaded complaint rule. The case had begun in a federal district court originally. (*See* Doc. 1, *Bristol SL Holdings, Inc., v. Cigna Health Life Ins. Co.*, No. 19-0709 (C.D. Cal. filed Dec. 9, 2022).)

The preemption dispute that the circuit resolved in its *Bristol* opinion arose from the express preemption provision found in ERISA § 514. *See* 103 F.4th at 602. The Supreme Court "stressed in *Davila*" that "*conflict* preemption is distinct from *express* preemption." *Fossen v. Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1111 (9th Cir. 2011) (emphasis in original) (citing 542 U.S. at 214 n.4). Unlike the conflict preemption principles that are at the center of the hospital's dispute with the Ironworkers Fund in this case, the express preemption in § 514 is about references to and impermissible connections with an ERISA plan, and courts have developed different legal tests to resolve those types of disputes. *See Bristol*, 103 F.4th at 602.

As expected, then, the Circuit did not cite or apply *Davila* in its opinion in *Bristol*. It certainly did not hold that *Marin General*—which, again, is directly controlling—had been abrogated or was inconsistent with an intervening change in the law. *Cf. Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (discussing the circumstances in which one three-judge panel is no longer bound to follow an existing panel's published opinion). There is no reason to believe that it was. In short, the Ironworkers Fund has not offered a persuasive explanation why this Court should disregard the Circuit's published opinion in *Marin General*. That opinion remains binding, and it shows that the hospital's claims were not preempted under ERISA § 502.

**CONCLUSION**

The hospital's implied contract claim creates an independent obligation under state law, which ERISA § 502 does not preempt, so that claim is not a "federal" claim for purposes of the federal question statute, and this case was improperly removed from the state court. This Court

lacks subject matter jurisdiction. The motion to remand (Doc. 12) is **GRANTED** and the motion to dismiss (Doc. 20) is **DENIED AS MOOT**. This action is **REMANDED** to the California Superior Court for the County of Madera.

IT IS SO ORDERED.

Dated: _September 23, 2026_

UNITED STATES DISTRICT JUDGE